990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louie J. MONTELLANO, Defendant-Appellant.
 No. 91-50550.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided March 24, 1993.
 
 Before WALLACE, Chief Judge, and SNEED and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Montellano challenges his bank robbery convictions claiming two convictions were based on photos taken after an unjustified Terry stop and that all convictions were supported by insufficient evidence. Montellano also contends the district court improperly denied a two level reduction for acceptance of responsibility under the Sentencing Guidelines. We affirm the district court in all respects.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 On November 26, 1990, a man walked into the First Interstate Bank in Santa Fe Springs, California, placed a newspaper on the counter, and commanded the teller to put cash onto it. He said she had five seconds and began to count. After the teller complied, the man folded the paper over the money and walked out of the bank with $1128.
 
 
 4
 The same newspaper and counting method was used in four other bank robberies in late 1990. The robber took $1603 from the Santa Monica Bank on November 30th, $570 from the Security Pacific Bank in Rowland Heights on December 3rd, $520 from the Foothill Independent Bank in Ontario on December 7th, and $1302 from the Security Pacific Bank in Torrance on December 27th. The man threatened to blow the head off the teller during the second, fourth, and fifth robberies.
 
 
 5
 Detective Garcia of the Los Angeles Sheriff's Department was on routine patrol on January 7, 1991, in the Maravilla Housing Project. He received physical descriptions of the suspects in the bank robberies, and within an hour observed two Hispanic males that appeared to match the descriptions. Garcia had been told that the suspects were in the area, and these men separated upon seeing the patrol car. Garcia had worked the neighborhood for over eight years, knew its inhabitants, and did not recognize the men.
 
 
 6
 While slowly pulling up from behind, Officer Garcia, who was sitting on the passenger side, asked one of the men, Montellano, what he was doing in the area. Montellano replied that he was just walking. When Garcia asked him where he was from, Montellano turned, pointed north, and replied City Terrace. Garcia observed a "B.H." tattoo on Montellano's ear as he turned and pointed North. This matched the description of the suspect Garcia had received earlier.
 
 
 7
 The officers stopped the car. While his partner walked after Montellano's companion, who had crossed the lane on seeing the car, Garcia got out of the car, approached Montellano, and asked him what the "B.H." stood for. Montellano replied "Big Hazard," the name of a gang.
 
 
 8
 Garcia noticed that a scuffle had broken out between his partner and Manuel Jackson, Montellano's companion. Garcia told the appellant to sit on the curb and handcuffed him, apparently in order to assist his partner without fear of Montellano interfering. While dealing with Jackson, Garcia noticed two tattoos on his ears, "SUR" and "69," that matched the description of the accomplice in the bank robberies.
 
 
 9
 Garcia walked back to the appellant and asked him his name, to which the appellant responded either "Louis Monty" or "U.S. Monte." Garcia recognized this name as similar to Louie Montellano, the name on the arrest warrant pending for the bank robberies. Garcia told his partner that he believed the appellant was the person named in the warrant and arrested him.
 
 
 10
 The court held a hearing on June 10, 1991, to determine whether photographs taken after the January 7th arrest, and the identifications based upon them, should be suppressed because they were the result of an unjustified Terry stop. The court found that Officer Garcia had articulable facts necessary to justify the detention and denied the request to suppress the identifications. The challenge only affected counts four and five of the indictment; the identifications for the first three counts were based on different photographs.
 
 
 11
 The trial began on June 18, 1991, and ended the next day with a verdict of guilty on all five counts of bank robbery. Montellano was sentenced on August 19, 1991, to 156 months, three years of supervised release, and a special assessment of $250. The judge refused to grant a two level reduction for acceptance of responsibility.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 12
 The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and this court has jurisdiction under 28 U.S.C. § 1291.
 
 
 13
 Whether articulable facts support a Terry stop is reviewed de novo. United States v. Maybusher, 735 F.2d 366, 371 n. 1 (9th Cir.1984), cert. denied, 469 U.S. 1110 (1985). But the district court's findings of fact are reviewed for clear error. United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir.), cert. denied, 469 U.S. 824 (1984). This court reviews the denial of a motion for acquittal to determine whether, when the evidence is viewed in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. United States v. Brown, 912 F.2d 1040, 1042 (9th Cir.1990). Whether a defendant has accepted responsibility and deserves a reduction is a question of fact reviewed for clear error. United States v. Aichele, 941 F.2d 761, 767 (9th Cir.1991).
 
 III.
 DISCUSSION
 A. Issues presented on Appeal
 
 14
 This court must decide whether Officer Garcia had sufficient articulable, reasonable facts to justify the investigatory stop of Montellano. We must also determine whether the guilty verdict was supported by sufficient evidence. Finally, we must decide whether the district court erred in denying Montellano a two level reduction for acceptance of responsibility under the Sentencing Guidelines.
 
 B. Terry Stop
 
 15
 Montellano claims his stop on January 7th was not justified by sufficient articulable facts. The Supreme Court has held that when a police officer makes an investigatory stop, he need not show probable cause that the suspect has committed a crime, but an "officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio, 392 U.S. 1, 21 (1968). Put another way, police must have a "founded suspicion" of criminal conduct before making what is often called a Terry stop. United States v. Sutton, 794 F.2d 1415, 1426 (9th Cir.1986). This suspicion is to be viewed considering the totality of the circumstances. Id.
 
 
 16
 Montellano claims that the investigatory stop was not justified, and therefore the identifications based on photos taken after the stop should have been suppressed. Montellano's main argument is that Officer Garcia stopped the appellant only because he was not from the area, and this does not constitute specific, articulable facts sufficient to support a Terry stop.
 
 
 17
 Officer Garcia had received a description of the appellant and his accomplice half an hour before seeing the two men that fit the description. Additionally, Garcia, who had been told the suspects were in the area and who was familiar with the neighborhood, did not recognize the men. When Montellano responded to a question, Garcia saw that he had a "B.H." tattoo on his right ear; this also fit the description of the suspect. These facts taken together are specific, articulable facts that could lead Garcia to believe that Montellano could be the suspect in the bank robberies.
 
 
 18
 Montellano also questions whether Officer Garcia actually saw the tattoo on his ear. This is a question of fact and reviewed for clear error. The Judge had Montellano stand approximately eight feet away and determined that officer Garcia could have seen the tattoo from the car, which was only three feet away. There is no reason to disturb this finding.
 
 
 19
 Montellano may also be arguing that the stop occurred while Garcia was talking to him from the patrol car, before he saw the tattoo. But a police officer does not violate the Fourth Amendment by approaching an individual in a public place and putting questions to him. E.g., United States v. Woods, 720 F.2d 1022, 1026 (9th Cir.1983).
 
 
 20
 Given the undisputed facts in this case, the Terry stop of the appellant was justified by specific, articulable facts.
 
 C. Sufficiency of the Evidence
 
 21
 Montellano claims he was entitled to an acquittal because there was insufficient evidence to convict. This court must determine, viewing the evidence in the light most favorable to the government, whether any rational jury could find all the elements of the offense. Brown, 912 F.2d at 1042.
 
 
 22
 Montellano basically claims that the in-court witness identifications are not reliable because memory fades over time. He also cites psychological studies for the proposition that the witnesses could not have accurately identified the robber given the stress of the event and their limited exposure to him.
 
 
 23
 The record shows that the bank tellers picked Montellano from photographs after the robberies and made in-court identifications. Bank surveillance photos of the robberies were also introduced. Additionally, the common pattern used in each of the robberies supports the conviction on all counts. The evidence clearly establishes enough for a rational jury to find all the elements of bank robbery.
 
 D. Acceptance of Responsibility
 
 24
 Montellano claims the district court improperly denied him a two level reduction for acceptance of responsibility. Sentencing Guideline 3E1.1(a) states that "if the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." A defendant is not precluded from receiving the reduction by going to trial. U.S.S.G. § 3E1.1(b). But the district court's decision not to grant a reduction is reviewed only for clear error. Aichele, 941 F.2d at 767.
 
 
 25
 Montellano urges that he attempted to enter a guilty plea pursuant to a plea agreement but was prevented from doing so. The district court simply told the government of the relevant conduct sentencing ramifications of the plea agreement, and the agreement fell through. The appellant offers no evidence that he was denied the opportunity to plead guilty.
 
 
 26
 Montellano stated that he "did" the five robberies at his sentencing hearing, but the timing of acceptance is a factor to be considered in granting a reduction. U.S.S.G. § 3E1.1, comment. (n. 1(g)).
 
 
 27
 Montellano also argues the district court judge was biased against him and he was punishing him for going to trial. The judge specifically said that he would not be denied the reduction because he exercised his constitutional right to a trial.
 
 
 28
 Furthermore, while conviction by trial does not preclude a defendant from a reduction, the "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, comment. (n. 2). A defendant convicted at trial is allowed the reduction only in a "rare situation," such as when he has gone "to trial to preserve issues that do not relate to factual guilt.... In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." Id.
 
 
 29
 Since Montellano has made no compelling showing of an acceptance of responsibility, the denial of the reduction is affirmed. Montellano's convictions and sentence are affirmed.
 
 
 30
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3